IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GREGORY HOFFMAN, # 84958-054,

    Petitioner,

vs.                                         Case No. 13-cv-669-DRH

FEDERAL BUREAU OF PRISONS,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Petitioner, currently incarcerated in the United States Penitentiary at Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. The petition was filed on July 12, 2013, and seeks to challenge the constitutionality of Federal Bureau of Prisons ("FBOP") Program Statement 5265.13. This rule was the basis for a decision denying petitioner access to the inmate electronic public messaging system. Petitioner was convicted in the District of Nevada in March 2010 of transporting child pornography and stalking, and is serving a 300-month sentence (Doc. 1, p. 1). *United States v. Hoffman*, Case No. 08-cr-027 (D. Nev.).

    Petitioner claims he is being discriminated against because, as a sex offender, he has been prohibited from using the messaging system to communicate with persons outside the prison. He argues that the FBOP has other methods, such as monitoring messages, to prevent abuse of the service, short of a total ban on its use (Doc. 1, p. 7).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to habeas relief, and the petition must be dismissed.

At the outset, this Court must independently evaluate the substance of petitioner's claim to determine if the correct statute - in this case 28 U.S.C. § 2241 - is being invoked. *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).

The federal habeas corpus statute cannot be used to challenge conditions of

confinement. *See* 28 U.S.C. § 2241(c)(3); *Glaus v. Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005); *Williams v. Wisconsin*, 336 F.3d 576,579 (7th Cir. 2003); *DeWalt v. Carter*, 224 F.3d 607,617 (7th Cir. 2000); *Pischke*, 178 F.3d at 500; *Graham*, 922 F.2d at 381. Without commenting on the merits of petitioner's claim, a complaint that he is being unconstitutionally denied participation in a program available to other inmates is, without a doubt, a challenge to the conditions of confinement that falls squarely within the realm of a civil rights action. Petitioner does not raise any issue that would affect the level or duration of his imprisonment.

While, in the past, courts sometimes construed a mistakenly-labeled habeas corpus petition as a civil rights complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (7th Cir. 1991) (collecting cases), in more recent cases the Seventh Circuit has held that district courts should not do this. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002); *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997). It would be particularly inappropriate to recast petitioner's action here, because petitioner would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub. L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915. Specifically, petitioner is responsible for paying a much higher filing fee of $400 (the fee would be only $350 if petitioner were granted leave to proceed *in forma pauperis*). Furthermore, petitioner might be assessed a "strike" if the Court determined that petitioner's action was frivolous, malicious, or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g).

Therefore, the Court will not re-characterize the instant habeas petition as a complaint under the civil rights act.

The dismissal of this case shall be without prejudice to petitioner re-filing the action as a civil rights claim. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Again, nothing in this Order shall be construed as an opinion on the merits of such a claim.

**Pending Motions**

Petitioner has moved for leave to proceed *in forma pauperis* ("IFP") in this case (Doc. 2). Relying upon the information contained in petitioner's certified copy of his trust fund account statement (Doc. 6), the Court finds that petitioner is able to pay the $5.00 filing fee in this case. Accordingly, his motion for leave to proceed IFP (Doc. 2) is **DENIED**. Petitioner is **ORDERED** to pay the $5.00 filing fee in this case not later than thirty (30) days from the date of entry of this Order. Payment of the $5.00 filing fee shall be sent to: United States District Court, Clerk's Office, 750 Missouri Avenue, P.O. Box 249, East St. Louis, Illinois, 62201. At the time payment is made, petitioner's name and the case number assigned to this action shall be clearly identified. The Court cautions petitioner that if the $5.00 filing fee in this case is not paid, the Court may impose restrictions on further filings by petitioner in this Court until such time as the fee is paid. *See, e.g., Taylor v. Watkins*, Civil No. 10-4-GPM, 2010 WL 3303125, at *1 (S.D. Ill. June 25, 2010) (quoting *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999)) (noting that "[u]npaid docket fees . . . lead straight to an order forbidding further

litigation.").

Petitioner's motion to appoint counsel (Doc. 2) is **DENIED AS MOOT.**

**<u>Disposition</u>**

Because petitioner's claim is not cognizable under 28 U.S.C. §2241, this action is **DISMISSED**. However, the dismissal is **WITHOUT PREJUDICE** to petitioner bringing his claims in a properly filed *Bivens* action.

The Clerk is **DIRECTED** to mail petitioner a blank civil rights complaint form and instructions, along with a blank form motion/affidavit to proceed without prepaying fees or costs.

The Clerk shall close this case.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of this Order. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $455.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal

deadline.  It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

Signed this 1st day of August, 2013.

Digitally signed by David R. Herndon
Date: 2013.08.01 09:21:45 -05'00'

**Chief Judge
United States District Court**